DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Gary V. Bullard appeals from the decision of the Summit County Court of Common Pleas denying his petition for postconviction relief. We affirm.
On April 24, 1984, Bullard pleaded guilty to one count of aggravated assault in the Summit County Court of Common Pleas and was sentenced to a term of incarceration that has been fully served. In September 1993, Bullard was charged under a three count indictment in the United States District Court for the Middle District of Tennessee. As part of a plea agreement, Bullard pleaded guilty to two counts (possession of a firearm by a convicted felon and unlawful possession of marijuana with intent to distribute), in exchange for the third count being dismissed.
Under the Federal Sentencing Guidelines, a sentence is enhanced for prior convictions, whether in state or federal court. Bullard was sentenced by the federal court to 156 months incarceration. His sentence was enhanced, in part, based on the 1984 conviction for aggravated assault. Bullard is currently serving his federal sentence in a federal prison.
On December 31, 1996, Bullard filed a petition for postconviction relief under R.C. 2953.21. The trial court dismissed the petition on January 3, 1997. This appeal followed.
Bullard presents one assignment of error:
 Whether the Ohio Post-Conviction Procedure Act, as applied to appellant's case, a violation [sic] of due process of law when the court dismissed the post-conviction petition as moot and ruled that the court was without jurisdiction to entertain a constitutionally infirmed [sic] conviction[.]
However, this court does not have to address the assignment of error, because the trial court was barred from entertaining Bullard's petition.
The Ohio postconviction relief statutes, R.C. 2953.21,2953.22, and 2953.23, were amended by Senate Bill 4 effective September 21, 1995. Section 3 of Senate Bill 4 provided:
 A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act [September 21, 1995] * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act [September 23, 1996], whichever is later.
R.C. 2953.21(A)(2) states that, if no appeal is taken from sentence, a defendant must file the petition for postconviction relief "no later than one hundred eighty days after the expiration of the time for filing the appeal."
Bullard filed his petition for postconviction relief on December 31, 1996. Bullard was sentenced on April 24, 1984. Bullard obviously did not file his petition within the time set by R.C. 2953.21(A)(2), as he was sentenced fourteen years ago. In addition, Bullard's petition was not filed before September 23, 1996. Therefore, Bullard's petition is untimely.
In State v. Alvarez (Apr. 2, 1997), Lorain App. No. 96CA006595, unreported, we said:
 Under Section 2953.23(A) of the Ohio Revised Code, a trial court may not entertain an untimely filed petition for post-conviction relief unless the defendant shows (1) either (a) that he was unavoidably prevented from discovering the facts upon which his petition was based or (b) that, after the 180 days had expired, the United States Supreme Court recognized a new federal or state right that would apply retroactively to him, and unless he shows (2), by clear and convincing evidence, that, but for a constitutional error at trial, he would not have been convicted or, if applicable, he would not have been sentenced to death.
Id. at 4. Bullard's petition for postconviction relief is untimely. Bullard has not demonstrated that he meets any of the criteria set forth above. Therefore, the trial court was precluded from considering this petition. Bullard's assignment of error must be overruled.
Bullard's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN W. REECE
FOR THE COURT
QUILLIN, P. J.
DICKINSON, J.
CONCUR.